**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BRYAN N. PRICE,**

**Plaintiff,** **Civ. Action No. 1:26-cv-00102-TSK**

**v.**
**MARION COUNTY COMMISSION;**
**ETHAN DARDEN,**
**in his individual and official capacities;**
**DONALD MUNDELL,**
**in his individual and official capacities;**
**RODNEY MILLER; and**
**TAMMY MAE MILLER.**

**Defendants.**

**PLAINTIFF'S MOTION TO APPOINT GUARDIAN AD LITEM FOR DEFENDANT RODNEY MILLER FOR THE PURPOSE OF ACCEPTING SERVICE OF PROCESS**

Plaintiff Bryan Price ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 17, Rules 4(d) and 17(c) of the West Virginia Rules of Civil Procedure, and W. Va. Code § 28-5-36, to appoint a guardian ad litem for Defendant Rodney Miller ("Mr. Miller") for the sole and limited purpose of accepting service of process on his behalf. To the extent that this process is not completed within ninety days of the filing of the complaint, Plaintiff also respectfully requests that the service deadline be extended until such time as a guardian ad litem can be appointed.

**Summary**

Plaintiff commenced this civil action on August 13, 2026, asserting claims under 42 U.S.C. § 1983 and state law against the above-captioned Defendants. Mr. Miller is currently incarcerated at the Mount Olive Correctional Complex in Fayette County, West Virginia. Because Mr. Miller is an incarcerated convict, West Virginia law treats him as a person under

disability. That law governs his capacity and the method of serving him in this action. Under West Virginia law, an incarcerated convict who has no committee must be served through a guardian ad litem appointed under Rule 17(c), and a suit cannot be maintained directly against him without one. Because no committee has been appointed for Mr. Miller, appointment of a guardian ad litem is the only available means of obtaining service on him and is required by West Virginia law. Accordingly, Plaintiff respectfully requests that this Court appoint a guardian ad litem for the limited purpose of accepting service of process on behalf of Mr. Miller.

## Background Facts

1. On August 13, 2026, Plaintiff filed his Complaint in this Court, alleging, among other things, that Mr. Miller and co-Defendant Tammy Mae Miller knowingly initiated a malicious prosecution against Plaintiff by falsely reporting their vehicle as stolen despite knowing that it was not stolen, and that they knowingly engaged in fraudulent official proceedings and fraudulent legal process.
2. Mr. Miller was at all relevant times a citizen and resident of the State of West Virginia.
3. Mr. Miller is currently incarcerated at the Mount Olive Correctional Complex, located in Fayette County, West Virginia. According to publicly available information, Mr. Miller was sentenced by the Circuit Court of Marion County for (1) retaliation against a juror or witness, and (2) unlawful assault. His projected release date is June 28, 2032.
4. Upon information and belief, Mr. Miller is not represented by counsel in this civil action.
5. Due to his incarceration, Mr. Miller's ability to receive and respond to service of process through ordinary means is materially impaired.

## Argument

Federal Rule of Civil Procedure 17(b)(1) provides that the capacity of an individual to sue or be sued is determined "by the law of the individual's domicile." Because Mr. Miller is a citizen and resident of this State, West Virginia law governs his capacity to be sued.

West Virginia has long treated a person imprisoned for a felony as suffering a status-based legal disability "similar to that of an infant or incompetent." *Black's Auto Repair & Towing v. Monongalia Cnty. Magistrate Ct.*, 211 W. Va. 661 (2002). Concomitantly, Rule 4(d) of the West Virginia Rules of Civil Procedure directs that service on an incarcerated convict be made on his committee or, "if there be no such committee . . . service of process shall be made upon a guardian ad litem appointed under [West Virginia] Rule 17(c)." *State ex rel. Thomas v. Neal*, 171 W. Va. 412 (1982) (quoting former W. Va. R. Civ. P. 4(d)(4)). In *Thomas*, the Supreme Court of Appeals vacated a default judgment and held that "[p]roceedings against [the defendant] are prohibited until she is properly served." *Id.*

These requirements are not optional: "In the absence of an express written waiver of his right to a committee under W. Va. Code, 28-5-36, or a guardian ad litem under Rule 17(c) of the West Virginia Rules of Civil Procedure, such suit cannot be directly maintained against the prisoner." Syl. Pt. 2, *Craigo v. Marshall*, 175 W. Va. 72 (1985). The Fourth Circuit has explained that these requirements apply with equal force in federal court. *See Siers v. Greiner*, 983 F.2d 1057 (4th Cir. 1993) (unpublished).[1] In *Siers*, the Fourth Circuit explained that Rule 17(b) "looks to state law to determine capacity to be sued," and that the incarcerated party "had a right to appointment of a guardian ad litem." In vacating the district court's judgment, the Fourth Circuit

[1] Reliance on unpublished Fourth Circuit prior to January 1, 2007 is appropriate where the case "has value in relation to a material issue in a case and there is no published opinion that would serve as well." 4th Cir. Loc. R. 32.1(b).

explained that where “state law declares one incompetent to be sued, Fed. R. Civ. P. 17(c) provides for the appointment of a guardian ad litem” *Id.*

Appointment of a guardian ad litem is required, and no adequate alternative exists. Mr. Miller is an incarcerated convict who, upon information and belief, is not represented by counsel. No committee has been appointed for him under W. Va. Code § 28-5-33, and he has not executed a written waiver of his right to a committee or guardian ad litem. When there is no committee, service “shall be made upon a guardian ad litem appointed under Rule 17(c).” W. Va. R. Civ. P. 4(d). A guardian ad litem is therefore the only person on whom service may properly be made.

Other methods of service would not be effective. Personal delivery or waiver of service under Federal Rules 4(d) and 4(e)(2) would not satisfy West Virginia’s requirement that an unrepresented convict be served through a guardian ad litem, would expose any resulting judgment to collateral attack, and would not permit the suit to be maintained against him. Appointment of a guardian ad litem will ensure that Mr. Miller receives proper notice of this action in a manner consistent with due process, while permitting this case to proceed without unnecessary delay. The guardian ad litem will serve the limited function of accepting service on Mr. Miller’s behalf, ensuring that his constitutional right to notice and an opportunity to be heard is preserved.

This Court possesses clear authority to make the appointment. Federal Rule 17(c)(2) directs that the court “must appoint a guardian ad litem—or issue another appropriate order” to protect an unrepresented person under disability. Appointment of a guardian ad litem for the limited purpose of accepting service is precisely the protective measure West Virginia law prescribes for an unrepresented incarcerated convict. Without it, this action cannot proceed against Mr. Miller.

## CONCLUSION AND PRAYER FOR RELIEF

Pursuant to the foregoing, Plaintiff Bryan Price respectfully requests that this Court enter an Order:

1. Finding that Mr. Miller is an incarcerated convict who has no committee and is not otherwise represented, and that appointment of a guardian ad litem is required under Federal Rule of Civil Procedure 17(c) and West Virginia Rules of Civil Procedure 4(d) and 17(c);

2. Appointing a discreet and competent attorney-at-law admitted to practice before this Court as guardian ad litem for Defendant Rodney Miller for the purpose of accepting service of process on his behalf in this action;

3. Directing that, upon appointment, the guardian ad litem shall accept service of the Summons and Complaint on behalf of Mr. Miller and shall thereafter promptly notify Mr. Miller of this action and his obligation to respond;

4. To the extent that service is not perfected within 90 days after the filing of the Complaint, extending the deadline for service until such time as a guardian ad litem can be appointed; and

5. Granting Plaintiff such other and further relief as this Court deems just and proper.

**BRYAN PRICE,**

**By Counsel**:

/s/*Isaac R. Forman*

Isaac R. Forman (WVSB #11668)
Levi B. Pellegrin (WVSB #13669)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
iforman@hfdrlaw.com

lpellegrin@hfdrlaw.com

and

J. Michael Benninger (WVSB #312)
BENNINGER LAW, PLLC
P.O. Box 623
Morgantown, WV 26507
304-241-1856
mike@benningerlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BRYAN N. PRICE,**

**Plaintiff,** **Civ. Action No. 1:26-cv-00102-TSK**

**v.**
**MARION COUNTY COMMISSION;**
**ETHAN DARDEN,**
**in his individual and official capacities;**
**DONALD MUNDELL,**
**in his individual and official capacities;**
**RODNEY MILLER; and**
**TAMMY MAE MILLER.**

**Defendants.**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I electronically filed the foregoing *Plaintiff's Motion to Appoint Guardian Ad Litem for Defendant Rodney Miller for the Purpose of Accepting Service of Process* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, and via electronic mail to the the below address:

Keith Gamble, Esq.
Litchfield Cavo LLP
8 Capitol Street, 4th Floor
Charleston WV 25301
Gamble@LitchfieldCavo.com

/s/*Isaac R. Forman*
Isaac R. Forman (WVSB #11668)